The lessors of the plaintiff are the heirs at law of William Walter, deceased. The defendants are the tenants in possession, holding under the heirs at law of Ann Walter, the widow of the said William Walter. *Page 57 
The said William Walter, on the sixth day of June, one thousand eight hundred and twenty, made and published his last will and testament in writing, in the words following, to wit: "Item, I give and bequeath unto my widow all and singular my whole estate, real and personal, to have and hold during her natural life." *Page 58 
 "Item. I order and direct that my widow shall not will to my blood kin, or any of her blood kin, any of the estate above-mentioned, or in other words, my meaning is, that I leave my widow my whole estate forever, and to be at her disposal at her death, except mine or her blood kin, Samuel Walter excepted." Prout the said will. *Page 59 
The said William Walter afterwards, in the month of September, one thousand eight hundred and twenty, died without revoking or altering the said last will and testament, which was duly proved and recorded, leaving his widow, the said Ann Walter, to survive him. *Page 60 
The said widow, Ann Walter, died in the month of August, one thousand eight hundred and thirty-four, without having made any disposition by will or otherwise, of the premises mentioned in the declaration, which are the real estate mentioned in the said will of the said William Walter. *Page 61 
Samuel Walter, named in the said will of the said William Walter, was an illegitimate child of the said William Walter.
If the court are of opinion, from the above statement of facts, that the legal title to the premises mentioned in the declaration, is vested in *Page 62 
the lessors of the plaintiff, then judgment to be rendered in their favor.
Gilpin for plaintiff. — The question is whether, under the will of her husband, Ann Walter takes an estate for life with a power of disposal at her death; or an estate in fee. It is a question of some *Page 63 difficulty — to be decided by the intention of the testator — in ascertaining the Court will not lay hold on any particular clause, the prevailing purpose apparent from the whole will. I admit, that at first view, the terms of the will seem strong to give an absolute property; but on closely examining it, the court cannot fail to be satisfied that the real intention was to give a life-estate, with the power of disposing of the fee by will at her death. The term "estate," as used in the will, is not to be understood in its technical sense, but as a description of the property. This is clear, for in the first place he gives the "estate" expressly for life. The difficulty arise upon the second clause; but the meaning of which seems to be obvious to add to the life estate, already expressly given to the wife, a power of disposal in fee at her death. Why at her death, if he intended to give her any "estate" in the property other than for life? If he meant to give her a fee simple, why let it commence only at her death?
The estate was not to be willed by the wife to either the testator's blood kin, or to her own, except to Samuel Walter. Now, if she is adjudged to take a fee by the will, how can this intention be carried out? If she has a fee, she may devise it to whom she pleases, to his blood kin or her's. The restriction is void. The expressed intent of the testator may be violated; but if she has but a life estate, with a power of disposal according to the will, the intention of the testator may be complied with. One devises all his freehold estate to his wife during her natural life, and also at her disposal afterwards toleave it to whom she pleases; held, that this only gave her a power to leave it by will, and that a disposition of it by feoffment in her life time was void. 10 East, 438; Doe ex dem.Thorley vs. Thorley, et al.
I admit that, as a general rule, wherever there is a power given to dispose of a fee, a fee is given; but where there is a restriction or limitation of the power, it is otherwise; as in this case, the power of disposition is restricted in such manner as that it cannot be understood consistently with a fee simple estate in the widow. Where the express estate is limited, with a power of disposition added, the person takes but the estate limited, and the other is a power.2 Preston on Estates, 82. A devise to one for life to dispose of at his death, is a life estate, with a power of disposition merely.Idem. 84.
And though a disposition to a man generally with a provision for leaving, willing, or disposing of the property, either during his life or at his death, may give a fee, yet this can happen in no case where the first devise is only for life. 16 Johns. Rep. 537, 588. *Page 64 
"I give to A. L. the fee simple of my house, and after her decease to William her son," construed but a life estate in A. L., with remainder in fee to her son. Andersen's Rep. 51.
A devise "to his wife M. for life, and by her to be disposed of to such of his children as she should think fit," is but a life estate with a power to devise in fee. 1 Peere Wms., 149, 171;Salk. 239; S. C. 13 Vesey, 444.
J. A. Bayard, contra.
The intention so much relied on as controlling the devises in a will, must be such an intention as is manifest on the face of the will, and such as is consistent with the rules of law. It is contended that this is but a life estate with a power of appointment; but this is not the case of a mere power added to a limited estate, but there is a clear fee given to the wife, and the doubt arises from the attempt to qualify that fee by a restriction as to her testamentary disposition of the estate, which restriction is not warranted by the rules of law.
The intention of the testator must be defeated by any mode of construction, for he designed to cut off both her blood relations and his own. If, therefore, this be but a life estate, with a power of appointment, as no appointment has been made, the estate will go to the testator's blood kin; if a fee, it goes to her blood kin. The question then is, which construction will best comport with the rules of law. What estate did Mrs. Walter take? Could she not have mortgaged or sold the estate during her life; would it not have been liable for her debts? And if the testator meant to make her thus the absolute owner of the property, he meant to give her a fee.
There can be no doubt that a life estate may be enlarged into a fee by subsequent words. The second clause of this will, gives an express fee; and not merely a power of appointment after her death. Nor do I admit the universality of the rule, that a life estate cannot be enlarged by any form of power as to subsequent disposition. 16 Vesey 135.
If the two clauses clash, the last must govern. The general intent here, is to give the widow all; the restriction attempted to be added is void.
A condition inconsistent with the estate given is void. 3 Vezey
324; 1 Eden 425; Ambler 379; 1 Burr. Rep. 84; 3 Merrivale 176.
R. H. Bayard, in reply. Our opponent assumes the position that this is a bequest in fee, and then argues that the restriction upon it is void. We concede the result, if he has established the premises; but that is precisely what we are contending for, that this devise is not of a fee to Mrs. Walter, but a life estate with a mere power of disposition. *Page 65 
The heir at law is not to be disinherited but by express language. Their construction defeats the first bequest for life, as well as the express provision that the estate shall never be given to his kin or her's if our's defeats the latter intention, it does no greater violence to the will than their's, and it leaves the estate with the heirs at law, instead of giving it away to strangers.
By the Court:
This is not merely a question of construction of a will as to the intent of the testator, but of the application of settled principles of law. By the first clause of the will a life estate merely is given to the widow, but the second clause enlarges her estate to a fee simple, which may well be. The testator declares hiss meaning to be, to leave his widow his whole estate forever, and to be at her disposal at her death, except his and her blood kin. These words unquestionably give a fee simple, as well by the expressed intent of the testator as by construction of law. There is no doubt of the intention of the testator in any part of the will. He had two purposes, both of them manifest; to give his wife the estate, and to keep it from ever going to his or her blood kin. The first and main purpose must be executed, though the other be defeated; as it is said it will be under any construction of the will. He sought to effect this latter purpose by a mode in which he could not by the rules of law effect it, by appending it as a restriction to the estate before absolutely given to his widow. Such a, restriction is inconsistent with the previous devise and is void. This is not the case of the mere grant of a power of appointment or disposition, but of the attempt to restrain a power incident to the estate before given.
 Judgment for defendants.